**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 22, 2021[*]
Decided December 23, 2021

*Before*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 21-2039

| | |
|---|---|
| DAVID H. PENNY, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 20-CV-2047 |
| | |
| NANCY PELOSI, et al., | Colin S. Bruce, |
| *Defendants-Appellees*. | *Judge*. |

## O R D E R

David Penny, a private citizen, sued the 230 members of the United States House of Representatives who voted in 2019 to impeach then-President Donald J. Trump. Penny alleged that President Trump had not committed an impeachable offense and that the defendants therefore violated the Constitution by voting to impeach. The district court dismissed the complaint on jurisdictional grounds based on a lack of

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

standing and the defendants' absolute immunity. We affirm the dismissal for lack of jurisdiction.

In their motion under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, the defendants raised a host of grounds for dismissing Penny's complaint. They argued, among other things, that Penny had suffered no concrete injury and therefore lacked Article III standing and that the Speech or Debate Clause, U.S. CONST. art. I, § 6, cl. 1, bars suits against them for their legislative acts. The district court agreed with both of these arguments and dismissed the action for lack of jurisdiction, without giving plaintiff an opportunity to amend his complaint.

In our de novo review of the jurisdictional dismissal, *see Democratic Party of Wisconsin v. Vos*, 966 F.3d 581, 584–85 (7th Cir. 2020), we need look no further than Article III standing. Penny argues on appeal that he suffered an injury-in-fact because the impeachment eroded constitutional norms and threatened to remove from office a President for whom he voted. To meet his burden, however, Penny had to show that he personally suffered an injury that was "concrete and particularized," not "conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). Taking his allegations at face value, Penny's concerns are rooted in "his and every citizen's interest in proper application of the Constitution and laws" and are precisely the sorts of widely shared grievances about government that the Supreme Court has long held insufficient to generate a case or controversy under Article III. *Id.* at 573; *Warth v. Seldin*, 422 U.S. 490, 499 (1975) (no Article III standing based on "generalized grievance shared … by all or a large class of citizens"). Insofar as Penny also argues that his vote for the impeached President supplies a particularized injury, this argument fails for the same reason.

Penny also argues that the district court should have allowed him to amend his complaint. Ordinarily he would be correct, *see Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 518 (7th Cir. 2015), but any attempt to amend would be futile here because he could allege no injury sufficient to establish standing. *See Access Living of Metro. Chicago v. Uber Techs., Inc.*, 958 F.3d 604, 614 (7th Cir. 2020). Indeed, the proposed amended complaint that he submits with his appellate brief describes no particularized or concrete injury. *See id.*

Because Penny lacks standing, we need not address his other arguments. The judgment of the district court is AFFIRMED with the clarification that the dismissal is for lack of subject-matter jurisdiction.